UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sunrise International Leasing Corp.,

Plaintiff,

vs.

Sun Microsystems Inc.,

Defendant.

**Civ. No. 01-CV-1057 (JMR/FLN)**

**AMENDED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

THIS CAUSE coming to be heard upon the agreed motion of the parties, pursuant to Rule 26 of the Federal Rules of Civil Procedure, due notice having been given, good cause having been shown, and the Court being otherwise fully advised in the premises, it is hereby ordered that the following principles and procedures designed to assure the protection of proprietary or confidential documents and information shall govern discovery in this proceedings.

1. Scope of Order: Documents and Information Covered. Except as otherwise may be agreed to by the parties to this Agreement, any party or third party from whom documents and information are requested in connection with this action that contain information of a confidential nature may designate such documents and information as "confidential" material or "highly confidential" material in the manner provided in Paragraph 3, provided such designation is made in good faith. For purposes of this Order, documents and information may be designated "confidential material" if they contain business or financial information of a proprietary or non-public nature; and "highly confidential material" if they contain information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party. Once a document or information is so designated, production or disclosure of that document or information shall be governed by the terms of this Order unless such designation is withdrawn, either by written agreement of the designating party or by order of the Court. For purposes of this Order, any confidential or highly confidential designation shall thereafter include all copies of such materials delivered to or maintained by the receiving party, its counsel and experts, as well as all summaries, studies, reports, exhibits, illustrations, or other materials or communications of any kind, created by experts, consultants or others, based upon, referring to, revealing, including, or incorporating in any way, in whole or in part, such confidential materials.

2. Definition of "Document". "Document" or "Documents," for purposes of this Order, shall include, but not be limited to, any deposition transcript, response to discovery request or request for admission, and any writing, recording, or photograph as those terms are

OCT 3 0 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK
ORIGINAL

defined in Rule 1001 of the Federal Rules of Evidence as well as the definition of document contained in Rule 26(a) of the Federal Rules of Civil Procedure.

3. Manner of Designation of Confidential/Highly Confidential Material. All or any portion of a document may be designated as "confidential" or "highly confidential" material provided such designation is made in good faith. Documents shall be designated as "confidential" or "highly confidential" after review by an attorney for the producing party by stamping the word "confidential" or "highly confidential" on each such page. In the event that a producing party (a) has previously produced documents prior to the entry of this order or (b) inadvertently fails to designate any material "confidential" or "highly confidential" in accordance with the foregoing procedure, the producing party shall provide supplemental written notice designating the material "confidential" or "highly confidential" as soon as practicable and the receiving party shall make a good faith effort to stamp the work "confidential" or "highly confidential" on each such page, and all copies thereof, and, from that point forward, treat such material in all respects as "confidential" or "highly confidential" material. With respect to any deposition exhibit or transcript, or any portion thereof, that designation shall be made on the record at the deposition or within thirty days of receipt of the deposition transcript by the designating party, and the transcript of such deposition or portion thereof shall be so marked and, if filed, filed under seal. With respect to answers to interrogatories, requests for production of documents, and requests for admission as well as the information contained therein, the designation shall be made on the first page of any such set of answers and on each succeeding page that contains information designated as confidential.

4. Disputes Concerning Propriety of Confidential/Highly Confidential Designation. Any party may dispute the designation of particular material or information contained in a document designated as confidential or highly confidential under Paragraph 1. The party designating a document as confidential or highly confidential shall have the burden of proof. If any party believes that material which has been so designated should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court, by duly noticed written motion, for resolution, consistent with the requirements of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure. Material or information claimed to be confidential or highly confidential that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential or highly confidential in accordance with the provisions of this Order notwithstanding the existence of such dispute.

5. Persons To Whom Confidential Material May Be Disclosed. Counsel for each party who obtains a document or information designated confidential under this Order shall not disclose or permit disclosure of such information or document (and any of its contents or any information revealing the contents of such a document) to any other person or entity, except in the following circumstances:

a. Employees of Counsel. Disclosure may be made to employees of counsel who are involved with the preparation for, and proceedings concerning, this action or any appeal therein. Any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring that documents or information designated as confidential material (and their contents) be held in

confidence and not disclosed to any person other than those authorized persons listed in this Paragraph 5.

b. Experts and Consultants. Disclosure may be made to consultants or experts employed by any party or counsel to any party to assist counsel in the preparation for, and proceedings concerning this litigation, and to employees or support staff of such consultants or experts who are involved with assisting the consultant or expert as part of his or her employment in connection with this action. Prior to disclosure to any expert or consultant and his support staff, such expert or consultant must agree to be bound by the terms of this Order by executing the Confidentiality Agreement annexed hereto as Exhibit A. Counsel that disclosed such confidential documents or other confidential information to any expert or consultant and his support staff shall retain the signed Confidentiality Agreement.

c. Testifying Witnesses. At times deemed appropriate by counsel, disclosure may be made to persons who may be called to testify under oath in the context of a deposition or at trial in connection with the prosecution/defense of this action, but only if such persons are informed of the terms of the Order, provided with a copy of the Order, and told that they are bound by the terms of the Order and are required not to disclose proprietary or confidential or highly confidential information which may be contained in the documents or information designated as confidential at any time other than under oath in the context of a deposition or at trial in connection with the prosecution/defense of this action.

d. Employees of the Parties. Disclosure may be made to senior level management of the parties to this litigation, inside counsel, and other officers, employees, or directors that are actively involved in, or who are in good faith consulted in connection with this litigation. Any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring that documents or information designated as confidential material (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph 5.

e. Disclosure to the Court. Disclosure may be made at any time to the United States District Court for the District of Minnesota or any judge, magistrate, clerk, or employee with responsibility over this lawsuit, provided that any such disclosure shall be by sealed submission.

6. Persons to Whom Highly Confidential Material May be Disclosed. Counsel for each party who obtains a document or information designated highly confidential under this Order shall not disclose or permit disclosure of such information or document (and any of its contents or any information revealing the contents of such a document) to any other person or entity, except in the following circumstances:

a. Employees of Counsel. Disclosure may be made to employees of counsel who are involved with the preparation for, and proceedings concerning, this action or any appeal therein. Any employee to whom disclosure is made shall be advised

of, and become subject to, the provisions of this Order requiring that documents or information designated as highly confidential material (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph 6.

b. Experts and Consultants. Disclosure may be made to consultants or experts employed by any party or counsel to any party to assist counsel in the preparation for, and proceedings concerning this litigation, and to employees or support staff of such consultants or experts who are involved with assisting the consultant or expert as part of his or her employment in connection with this action; provided, however, that with respect to documents disclosed by non-parties, the disclosing party must give the designating party seven (7) days notice of its intention to disclose and if designating party objects, then the documents shall not be disclosed without order of the Court or agreement of the designating party. Prior to the disclosure of documents or information marked "highly confidential" to consultants or experts, such expert or consultant must agree to be bound by the terms of this Order by executing the Confidentiality Agreement annexed hereto as Exhibit A. Counsel that disclosed such confidential documents or other confidential information to any expert or consultant and his support staff shall retain the signed Confidentiality Agreement.

c. Disclosure to the Court. Disclosure may be made at any time to the United States District Court for the District of Minnesota or any judge, magistrate, clerk, or employee with responsibility over this lawsuit, provided that any such disclosure shall be by sealed submission.

d. Others. Such other persons as may be designated by written agreement of all parties in this action or by Order of the Court.

7. No Use Permitted for Business or Competitive Purposes. Documents or information designated as confidential or highly confidential under this Order (and their contents or information revealing their contents) shall not be used or disclosed by any party or by any person to whom disclosure has been made under Paragraphs 5 and 6: (a) in any litigation other than this lawsuit; (b) for business or competitive purposes; or (c) for any purpose whatsoever other than the preparation for, and proceedings concerning, this action and any appeal therein.

8. Pleadings and Briefs To Be Filed Under Seal. Any pleading, brief, or other documents filed with the Court in this case that quotes the contents of or incorporates any confidential or highly confidential material shall be filed under seal.

9. Custodian of Confidential/Highly Confidential Material. The signatories to this order shall be deemed Custodians of any confidential/highly confidential materials that they, their law firms, or any experts or consultants engaged by them or their law firms in this action may receive. Each of the Custodians agrees to be responsible for compliance with this Order by their law firm, and shall reasonably ensure that attorneys and other personnel employed by their law firm are aware of and adhere to the proper treatment of confidential and highly confidential material pursuant to this Order. Each of the Custodians agrees to be responsible for compliance

with this Order, and Paragraphs 5(b) and 6(b) in particular, by experts and consultants engaged by them or their law firms.

10. Copies and Confidential/Highly Confidential Material. Counsel for the parties understand the competitively sensitive nature of confidential and highly confidential material, and agree to limit their copying of confidential or highly confidential documents or information to that which is necessary for the orderly and efficient prosecution/defense of this litigation. Experts and consultants (as identified in Paragraphs 5(b) and 6(b)), shall be allowed to make only three copies of confidential documents provided to them. Copies of confidential and highly confidential documents, and the documents prepare by an expert or consultant that incorporate or reveal confidential information or information from confidential documents, shall be subject to the same treatment hereunder as are the original documents or information produced.

11. No Waiver Or Admission. The designation of any document, deposition exhibit, deposition transcript, answer to interrogatory, answer to request to produce, answer to request for admission or information as "confidential" or "highly confidential" pursuant to this order is intended solely to facilitate preparation for trial, and treatment in conformity with such designation will not be construed in any way as an admission or agreement that the designated document or information contains any trade secret or confidential information in contemplation of law.

12. Notification Upon Improper Disclosure. If any information or documents designated as confidential or highly confidential material (or their contents) are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the designating party whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

13. Disposition of Confidential/Highly Confidential Material Upon Final Determination of This Action. Within thirty days following the final determination of this action, unless otherwise agreed to in writing by counsel for all parties to this action, each party shall, through its counsel, complete and deliver to the designating party a certificate in the form attached hereto as Exhibit B ("Certificate"), certifying that they have performed or caused to be performed a complete and thorough search of their files, counsel's files, and the files of those to whom they distributed any confidential or highly confidential materials covered by this Order, and that all such files have been purged of all such confidential and highly confidential materials. Pursuant to the terms of the Certificate each party and its counsel shall further certify that all confidential or highly confidential materials delivered to it, including confidential or highly confidential materials now in its control or the control of persons to whom it distributed such information, have either been assembled and delivered with the Certificate or, to the extent not so delivered, that all such confidential or highly confidential materials have been destroyed. Each party has the right to maintain in its archives copies of any confidential or highly confidential material, in which event such election shall be disclosed on the Certificate. All archived confidential or highly confidential material shall be maintained by that party in the manner and to the extent the party maintains other archived information, but in no event shall the

party utilize less than a reasonable standard of care in maintaining such archived confidential or highly confidential information. Moreover, all obligations, rights and responsibilities with regard to confidential or highly confidential information set forth in this Order shall continue to apply to all archived confidential or highly confidential information. Upon delivery of such Certificates and accompanying documents or information by all parties to this action, the jurisdiction of the Court to enforce this Order shall terminate.

14. No Restriction On Designating Party's Use of Confidential/Highly Confidential Materials. Notwithstanding any other provision of this Order, the party producing to another party material designated as confidential or highly confidential does not thereby lose the freedom to deal with its own documents or information in the manner of its own choosing.

15. No Restriction on Non-designating Party's Use of Materials in Its Possession Before Commencement of This Action. Notwithstanding any other provision of this Order, the party who receives documents or information designated as confidential or highly confidential by the sending party does not lose the freedom to deal in any manner as it may legally have done so prior to this action with documents or information in its possession before this action was commenced or with documents received from third parties, not subject to restriction, or information independently developed by the party or lawfully obtained without restrictions or documents or information received during this action and not designated confidential or highly confidential in accordance with this Order which (a) are copies of documents or information subsequently received with a confidential or highly confidential designation, or (b) contain information also contained in documents subsequently received with a confidential or highly confidential designation.

16. No Restriction On Asserting Privileges. Nothing in this Order shall be deemed to waive any legally cognizable privilege to withhold any document or information.

17. Inadvertent Production of Privileged Information. The inadvertent production of any discovery material during this litigation shall be without prejudice to any claim that such discovery material is either privileged or protected from discovery as work product, and no party shall be held to have waived any rights by such inadvertent production, if such inadvertence is determined by the Court. Any privileged documents determined by the Court to have been inadvertently produced (and all copies thereof) shall be returned to the producing party upon written request.

18. Modifications; Scope of Order. Notwithstanding anything in this Order, any party may seek modification of this Order or the entry of an additional order regarding discovery in this proceeding. Furthermore, this Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party with respect to any material produced in this action.

Respectfully submitted,

Dated: Oct. 29, 2002.

**OPPENHEIMER WOLFF & DONNELLY LLP**

By: Christine Lindblad

David Potter MN Atty ID 121642
Christine Lindblad MN Atty ID 277666
Bray M. Dohrwardt MN Atty ID 315151
3300 Plaza VII Building
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100

**ATTORNEYS FOR PLAINTIFF SUNRISE INTERNATIONAL LEASING CORPORATION**

Dated: Oct 28, 2002.

**PARSINEN KAPLAN ROSBERG & GOTLIEB P.A.**

By: Anh Le

Anh T. Le, Esq.
100 South Fifth Street, Suite 1100
Minneapolis, MN 55402-1298
Telephone: (612) 333-2111
Facsimile: (612) 333-6798

Jerome T. Wolf
James M. Kirkland
Sonnenschein Nath & Rosenthal
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
Telephone: (816) 932-4400
Facsimile: (816) 531-7545

Michael D. Hultquist
Sonnenschein Nath & Rosenthal
8000 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

**ATTORNEYS FOR DEFENDANT SUN MICROSYSTEMS, INC.**

Dated: Oct 29, 2002

ENTER:

Franklin L. Noel

Franklin L. Noel
United States District Magistrate Judge

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

By my signature, I hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDNETIAL INFORMATION ("Protective Order") entered in Sunrise International Leasing Corporation v. Sun Microsystems, Inc., No. 01-CV-1057 JMR/FLN pending in the United States District Court for the District of Minnesota and hereby agree to be bound by the terms thereof. I agree not to disclose any documents designated as confidential material (or any of the contents of such documents) or information concerning confidential material to anyone other than those persons listed in Paragraph 5 of the Protective Order. I agree that to the extent that I or my employees are provided with confidential material, I will instruct such employees regarding the terms of the Protective Order and will ensure that such employees do not disclose confidential material expert as provided in Paragraph 5 of the Protective Order. I further agree to subject myself to the jurisdiction of the United States District Court for the District of Minnesota with respect to all matters relating to compliance with this Confidentiality Agreement and Protective Order.

DATED:

______________________________

[Signature]

Signatory's Name, Business Affiliation, and Business Address

______________________________

______________________________

______________________________

Signatory's Residence Address

______________________________

______________________________

______________________________

**EXHIBIT B**

**CERTIFICATE**

The undersigned hereby certify to ________________________ ("Designating Party"), on behalf of ______________________ and pursuant to the STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION ("Protective Order") entered in Sunrise International Leasing Corporation v. Sun Microsystems, Inc., No. 01-CV-1057 JMR/FLN pending in the United States District Court for the District of Minnesota, that they have performed or caused to be performed a complete and thorough search of their files and the files of those to whom they distributed any confidential or highly confidential materials covered by the Protective Order, and that to the best of their knowledge, all such files have been purged of all such confidential and highly confidential materials (except for court filings, transcripts, exhibits, and work product containing or reflecting confidential materials). The undersigned further certify that all confidential and highly confidential materials delivered to them by the Designating Party, including confidential and highly confidential materials now in their control or the control of persons to whom they distributed such information, have, to the best of their knowledge, either been assembled and are delivered herewith or, to the extent any such confidential or highly confidential materials are not so delivered, all such confidential or highly confidential materials have been destroyed. To the extent that certain confidential or highly confidential information has been archived as set forth in paragraph 12 of The Protective Order, all such confidential or highly confidential information shall be identified on an attachment to this Certificate. The undersigned acknowledges that all court filings, transcripts, exhibits, and work product containing or reflecting confidential or highly confidential materials shall continue to be treated as confidential or highly confidential under the terms of Protective Order.

By: ________________________________

as Counsel for:

________________________________

Date: ______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01